IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MICKEY CONLEY, Register No. 512073, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4170-CV-C-SOW |
| | ) | |
| JAY CASSADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Mickey Conley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named defendants are Jay Cassady, David Murphy, Mrs. Webb, Jean Prater, Mr. Jones, Arthur Wood, Dave Dormire and Larry Crawford.

Plaintiff alleges that he is being denied access to courts, and seeks monetary damages and preliminary injunctive relief. Plaintiff states that despite his indigence, he is being denied necessary free legal supplies. Plaintiff also challenges his assignment to administrative segregation, stating he requested protective custody, but instead, received administrative segregation.

On September 25, 2007, plaintiff filed an additional motion for preliminary injunction, requesting that he receive free legal provisions because his $7.50 monthly stipend is insufficient for him to buy legal supplies and other necessary supplies from the canteen, such as vitamins and foot creme. Plaintiff alleges these actions deny him access to courts and constitute cruel and unusual punishment.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home

Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's allegations do not merit preliminary injunctive relief. Plaintiff's September 4, 2007 motion will be treated as an amendment to his original claims regarding denial of access to courts and these claims, in conjunction with plaintiff's additional motion for injunction regarding access to courts, will be addressed by means of the normal processing of this case. Plaintiff's motions for preliminary injunctive relief should be denied.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases

2

dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review, pursuant to the Prison Litigation Reform Act, plaintiff's claims challenging his assignment to administrative segregation, instead of protective custody, should be dismissed. Inmates have no liberty interest protected by the Constitution in avoiding transfer to more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Confinement within any of a state's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose. Id. at 222. Under state law, in certain circumstances, a liberty interest may be created which would be protected by the Due Process Clause of the Constitution; however, these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of it own force, nonetheless, imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id.

Plaintiff's allegation that he has been placed in administrative segregation, a more restrictive assignment, rather than the protective custody assignment he requested, fails to state a claim under 42 U.S.C. § 1983. Plaintiff makes no allegations that his conditions of administrative confinement posed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Sandin v. Connor, 515 U.S. 472, 485-86 (1995). It has been consistently held that assignment to segregation, even without cause, is not itself an atypical, significant hardship. Phillips v. Norris, 320 F.3d at 847.

Although plaintiff's remaining allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records

3

available to the court indicate plaintiff is capable of making an initial payment of $2.00[1] toward the filing fee.  Plaintiff should contact prison officials to have the initial payment processed.  In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full.  If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders.  Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed.  Reply suggestions should be filed within twelve days after the suggestions in opposition are filed.  In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions.  Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.  Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response.  Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On September 4, 2007, plaintiff filed a motion for a temporary restraining order, stating that the Department of Corrections has advised him that based on his indefinite administrative segregation status, he must now send his extra property, not allowed in administrative segregation, out of the prison, or that such property will be destroyed.  Plaintiff alleges the property is evidence because it was his property which resulted in his assignment to administrative segregation.  Plaintiff states such property is personal, such as photographs and shower shoes.

"A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915.  If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

the applicant before the adverse party or his attorney can be heard in opposition . . . ." Fed. R. Civ. P. 65(b).

Plaintiff's allegations that he is being required to send out of the prison his excess personal property, consisting of, e.g., shower shoes and photographs, fail to set forth an immediate threat of irreparable injury requiring a preliminary court order. Plaintiff's motion should be denied.

Moreover, any claims regarding plaintiff's property should be brought in state court. Plaintiff's claims regarding his property are, in essence, allegations that state employees violated his due process rights under the Fourteenth Amendment when they took his property, and ordered him to send the excess property out of the prison or it would be destroyed. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

On September 4, 2007, plaintiff filed a motion requesting the court provide him copies of each pleading he sends to the court so that he has copies for his own records. Plaintiff's request is denied. Although he has been granted leave to proceed in forma pauperis in this case, thereby

allowing him to proceed with his claims while making monthly payments toward his filing fee, plaintiff remains responsible for his own costs of litigation, including necessary copies. Plaintiff is responsible for keeping copies of his filings made with this court.

On September 4, 2007, plaintiff filed a motion to amend, seeking to add as defendants David Webster and Virgil B. Hoffman. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case. Therefore, plaintiff's motion to amend is granted.

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend his complaint is granted and David Webster and Virgil B. Hoffman are added as defendants in this action. [8] It is further

ORDERED that plaintiff's motion for copies is denied. [5] It is further

ORDERED that plaintiff's September 4, 2007 motion for preliminary injunction will be treated as an amendment to his original complaint alleging denial of access to courts. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $2.00 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief and temporary restraining order on his claims of denial of access to courts and personal property be denied. [3, 6, 7] It is further

RECOMMENDED that plaintiff's claims challenging his assignment to administrative segregation be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge